UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JIMARIO DEJUAN SULLIVAN, ) | |
| Petitioner, ) | |
| ) | No. 2:20-cv-47 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| MIKE BROWN, ) | |
| Respondent. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Jimario Sullivan filed a petition under 28 U.S.C. § 2254 seeking federal habeas relief from his state conviction. The magistrate judge issued a report recommending this Court deny the petition as untimely. (ECF No. 6). Sullivan filed objections. (ECF No. 7.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed the objections de novo. The Court concludes that the magistrate judge accurately summarized the relevant facts and correctly applied those facts to the law. A state criminal defendant has one year from the date on which his conviction becomes final to file a federal habeas petition. Sullivan had one year from November 7,

2013, to file his federal habeas petition, which could have included his claims that trial and appellate counsel provided constitutionally ineffective assistance.

Sullivan contends that appellate counsel's ineffectiveness explains and excuses the delay in filing the federal habeas petition. Ineffective assistance of appellate counsel can, in rare instances, alter the date when a conviction becomes final. Our Supreme Court has held that when the state appellate courts treat the appeal of a post-conviction collateral attack (in Michigan, the appeal of the denial of a 6.500 motion) as a direct appeal, the defendant's conviction becomes final at the conclusion of that proceeding. *See Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Those circumstances are not present here. Sullivan has not demonstrated that he diligently pursued his constitutional rights between November 2013 and April 2020 such that he would be entitled to equitable tolling.

Therefore, the Report and Recommendation (ECF No. 6) is **ADOPTED** as the Opinion of this Court. Jimario Sullivan's petition for habeas relief is **DENIED** as time-barred. The Court agrees with the recommendation of the magistrate judge that reasonable jurists would not debate his outcome. Accordingly, the Court **DENIES** a certificate of appealability. The Court also finds that the law concerning the one-year period is sufficiently clear and established there is no good faith basis for an appeal and any appeal would be frivolous.

**IT IS SO ORDERED.**

Date: June 26, 2020                                        /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge